UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>AMIT KANODIA and IFTIKAR AHMED,<br><br>    Defendants, and<br><br>RAKITFI HOLDINGS, LLC, a Virginia Limited Liability Company, and LINCOLN CHARITABLE FOUNDATION, a supposed charity,<br><br>    Relief Defendants. | Civil Action No. 15-cv-13042-ADB |

## JOINT STATEMENT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, counsel for plaintiff United States Securities and Exchange Commission ("Commission"), Defendant Amit Kanodia, Defendant Iftikar Ahmed, Relief Defendant Rakitfi Holdings, LLC, and Relief Defendant Lincoln Charitable Foundation hereby submit this Joint Statement and Proposed Discovery Plan.

**I. Rule 26(f) Conference**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(b), counsel for the parties conferred on November 10, 2015.

**II. Agenda of Matters to be Discussed at the Scheduling Conference**

As part of their Rule 26(f) conference, the parties noted the following matters to be discussed at the scheduling conference:

a. **Defendant Mr. Ahmed's application to the District of Connecticut for legal fees, and request to this Court for an enlargement of time file a Rule 26(f) form report until the Court in the District of Connecticut resolves his application for legal fees.**

In another matter filed in the District of Connecticut, *SEC v. Ahmed*, et al., No. 15-cv-00675, the Commission moved for a preliminary injunction freezing up to $118 million dollars of Defendant Ahmed's assets. That motion was granted on August 12, 2015. While that motion was pending, on August 5, 2015, Defendant Ahmed filed an application before that Court to unfreeze a certain amount of assets for legal fees related to four matters where he is a defendant:  (i) a criminal insider trading matter filed in the District of Massachusetts, which is predicated on many of the same underlying facts and transactions as the instant matter; (ii) the civil insider trading matter at issue here; (iii) a separate civil securities fraud matter filed by the Commission in the District of Connecticut; and (iv) a parallel criminal matter against Defendant Ahmed and his wife, Shalini Ahmed, in the District of Massachusetts, which is predicated on many of the same underlying facts and transactions as the civil matter filed in Connecticut. The Commission has opposed that application. The parties completed their briefing on this application on September 9, 2015, and are awaiting a decision from the District Court in Connecticut. Counsel for Defendant Ahmed informed the Commission counsel and the Connecticut District Court that they may have to resign from representing Defendant Ahmed should their application for fees be denied. On September 21, 2015, the parties in that matter, including the Commission, filed a joint motion for an enlargement of time for the Defendant Ahmed and Relief Defendants to respond to the Commission's Amended Complaint and for the Parties to jointly file a Form 26(f) report until after the Connecticut District Court had resolved Defendant Ahmed's application to unfreeze assets for his legal fees. That motion was granted on September 22, 2015.

2

For the same reasons, Defendant Ahmed requested that the Commission agree to a similar enlargement of time for this matter, including an enlargement of time to file an answer to the Complaint and to file a Form 26(f) report. Unlike in the District of Connecticut litigation, here counsel for the Commission opposed Defendant Ahmed's request for an enlargement of time, stating that, given the length of the pendency of this matter, it was important to the Commission to have Defendant Ahmed file an answer and commence discovery as soon as possible. Counsel for Defendant Ahmed then filed a notice of appearance in this matter and filed an answer on his behalf. Defendant Ahmed now respectfully requests this Court enlarge the time for Defendant Ahmed to file a Form 26(f) report until the Connecticut District Court resolves his application for legal fees, including fees related to this matter. Good cause exists because discovery requires significant time and monetary resources, and counsel for Defendant Ahmed is waiting to hear whether their application for fees and costs will be approved. Counsel for Defendant Ahmed may not be able to continue to represent him should their application for fees in the District of Connecticut be denied. Counsel for Defendant Ahmed consents to Defendant Kanodia and the Commission commencing discovery in the interim.

**Position of Other Parties on Defendant Ahmed's request for a limited enlargement of time**.  The defendant Kanodia takes no position on defendant Ahmed's request other than to request that any action the Court takes on the request does not delay the commencing of discovery in the interim.

The Commission opposes Defendant Ahmed's request to be excused from filing a Form 26(f) report until the U.S. District Court for the District of Connecticut rules on Defendant Ahmed's motion for release of legal fees, which has now been pending for more than three

months. At this point, Defendant Ahmed need only provide his position on the pretrial

schedule. There is no pending discovery directed toward Defendant Ahmed. Providing a

position on the pretrial schedule does not require a significant investment of time or

monetary resources by Defendant Ahmed or his counsel. In short, the Commission's position

is that establishing the pretrial schedule in this case should not be dependent on the U.S.

District Court for the District of Connecticut's ruling on Defendant Ahmed's motion for

release of legal fees. Should the U.S. District Court for the District of Connecticut deny

Defendant Ahmed's motion, and should counsel for Defendant Ahmed resign from

representing him in this matter, the Commission is not opposed to reconsidering the case

schedule to the extent counsel's withdrawal creates prejudice to Defendant Ahmed's ability

to comply with the case schedule.

### b.  The entry of a protective order.

Prior to this case being transferred from the District of Connecticut, the Commission

moved for entry of a protective order to govern documents the Commission intended to

produce to Defendant Kanodia pursuant to Rule 26(a)(1). (Doc. No. 24.) Such order was not

entered by that court prior to the case being transferred, but counsel for Defendant Kanodia

agreed to abide by the terms of the draft protective order, and the Commission therefore

produced documents subject to that agreement. The Commission respectfully requests the

Court enter said protective order governing the documents the Commission produced to

Defendant Kanodia. A proposed protective order is attached hereto.

As described below, the defendants object to the provisions of the proposed protective

order that would prevent them from sharing documents and materials produced by the

Commission with each other, their counsel, and any employees or agents of their counsel.

The Commission respectfully requests the Court to enter the protective order as drafted and as previously agreed to by Defendant Kanodia. The Commission's primary concern is with Defendant Ahmed's receipt of documents or other sensitive information while he remains a fugitive of justice residing outside of the Court's jurisdiction. In mid-May 2015, Defendant Ahmed fled the United States in violation of the conditions of release imposed in a related criminal case, *U.S. v. Kanodia et al.*, 15-cr-10131-NMG (D. Mass.). At the time of this filing, the Commission understands he remains a fugitive. The Commission has significant concerns with Defendant Ahmed receiving documents (many of which contain personally identifiable information) or other sensitive information that the Commission is obliged to ensure is protected.

As an initial matter, Defendant Ahmed's flight from the United States, after promising a judicial officer he would comply with his release conditions, is deeply concerning and provides reason to believe that Defendant Ahmed may similarly disobey future Court orders, including a protective order. Moreover, while Defendant Ahmed remains a fugitive and outside of the Court's jurisdiction, it would be difficult if not impossible for the Commission or the Court to prevent him from sharing or disclosing protected materials, and there would be little to no recourse should Defendant Ahmed violate the protective order.  Defendant Ahmed's suggestion that he sign a protective order does not cure this problem or lessen the Commission's concern, as Defendant Ahmed has already shown that he is willing and capable of disregarding Court orders.  Put simply, Defendant Ahmed fled the United States in order to escape the reach of the United States judiciary.  His promise to comply with an Order of this Court – all while remaining a fugitive and refusing to submit to this Court's jurisdiction – provides no comfort to the Commission.

Finally, the Commission's production of documents to Defendant Kanodia in September 2015 was expressly conditioned on the agreement that Defendant Kanodia would not disclose those documents to Defendant Ahmed. The situation has not materially changed since the Commission provided documents to Defendant Kanodia, as Defendant Ahmed was, and remains, a fugitive.

**Defendants' Position on the Entry of a Protective Order**. Both Defendants Kanodia and Ahmed object to the provisions of the proposed protective order that would prevent them from sharing documents and materials produced by the Commission with each other, their counsel, and any employees or agents of their counsel, including but not limited to the provision that reads: "Defendant Kanodia and Defendant Kanodia's counsel will not disclose the Discovery Materials to Defendant Iftikar Ahmed ("Ahmed"), his counsel or anyone associated with Defendant Ahmed." The Commission has indicated its position that those documents and materials should not be shared with Defendant Ahmed or his counsel because he is currently outside of the Court's jurisdiction. However, whether Defendant Ahmed is in the jurisdiction is irrelevant to whether Defendant Ahmed and his counsel can participate in discovery and review documents obtained in discovery by counsel for Defendant Kanodia. *See, e.g.*, *Degen v. United States*, 517 U.S. 820 (1996) (limiting the application of the fugitive disentitlement doctrine).  Defendant Ahmed and counsel for Defendant Ahmed have also been participating in these action, including but not limited to: (i) entering a notice of appearance in this matter on Defendant Ahmed's behalf as well as the Relief Defendant Rakitfi Holdings, LLC, (ii) filing an Answer, (iii) participating in the 26(f) conference; and (iv) representing that they will engage in discovery (should their application for fees be granted). Moreover, counsel for Defendant Ahmed is willing to sign a protective order. In the

alternative, the defendants request that any protective order that issues does not preclude defendant Kanodia from discussing the content of any discovery to the extent counsel in good faith believes that he must communicate certain information derived from said discovery (without providing copies of any such discovery) in order to further his defense of defendant Kanodia.[1]

### c.  Preservation of certain information.

Prior to this case being transferred from the District of Connecticut, the Commission and Defendant Kanodia agreed that Defendant Kanodia would preserve electronically stored information on his personal computer, cellular phone, and other relevant electronic devices, and further agreed that such agreement is in no way a waiver of any rights that Defendant Kanodia has under the Fourth or Fifth Amendments to the United States Constitution, which Defendant Kanodia intends to assert in response to any request for production of his electronic devices or images copied from such devices. (Doc. No. 17 at 9.) The Commission and Defendant Ahmed have now reached a similar agreement. Specifically, Defendant Ahmed will preserve electronically stored information on his personal computer, cellular phone, and other relevant electronic devices, and such agreement is in no way a waiver of any rights that Defendant Ahmed has under the Fourth or Fifth Amendments to the United States Constitution.

### d.  Motion to stay further discovery.

On November 16, the United States Attorney's Office for the District of Massachusetts filed a motion to intervene in this action to move to stay further discovery. The Commission

---

[1] For the avoidance of doubt, the Commission makes clear that it does not read the proposed protective order to preclude discussions between Defendant Kanodia's counsel and Defendant Ahmed's counsel based on information derived from discovery that is otherwise subject to the Protective Order, to the extent Defendant Kanodia's counsel determines such conversations are necessary to further his defense.

does not object to the motion. Defendant Kanodia opposes the stay and has filed his Opposition on November 23, 2015. Both Defendant Kanodia and the United States Attorney's Office will ask the Court to hear argument on the Government motions at or after the scheduled Status Conference. Defendant Ahmed takes no position on this motion while his application for legal fees is outstanding.

## III.    Proposed Pretrial Schedule

The Commission and Defendant Kanodia propose the following schedule for the completion of discovery and the submission of dispositive motions. For the reasons articulated above, Defendant Ahmed opposes the imposition of a discovery schedule, including any schedule related to summary judgment or like motions, on him while his application for legal fees is pending. Defendant Ahmed, however, does not oppose Defendant Kanodia and the Commission from otherwise proceeding with discovery.

| Date | Event |
|------|-------|
| November 24, 2015 | Exchange of initial disclosures pursuant to Rule 26(a)(1) between the Commission and Defendants.[2] |
| July 29, 2016 | Deadline for completion of fact discovery[3] |
| August 26, 2016 | Deadline for service of Plaintiff's expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2) |
| October 7, 2016 | Deadline for service of Defendants' expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2) |
| November 4, 2016 | Deadline for service of Plaintiff's rebuttal expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2) |

---

[2] The Commission and Defendant Kanodia previously exchanged initial disclosures on July 2, 2015.

[3] As noted, the United States Attorney's Office for the District of Massachusetts has recently filed a motion to stay discovery in this matter. The Commission notes that this proposed schedule does not contemplate a stay of discovery, but rather is the Commission's best estimate of the amount of time it needs to complete fact discovery, including depositions, if discovery proceeds in the ordinary course. As noted above, the Commission does not object to the motion to stay discovery.

December 2, 2016     Deadline for completion of expert discovery

January 13, 2017     Deadline for filing motions for summary judgment

**IV.     Trial by Magistrate Judge**

The parties have not reached agreement on proceeding to trial by a magistrate judge.

**V.      Local Rule 16.1(D)(3) Certifications**

Counsel for the Commission, defendant Amit Kanodia, defendant Iftikar Ahmed, Relief

Defendant Rakitfi Holdings, LLC, and Relief Defendant Lincoln Charitable Foundation certify

that they have conferred with their respective clients or, in the case of the Commission, with

management in the Denver Regional Office of the Commission, (a) with a view to establishing a

budget for the costs of conducting the full course -- and various alternative courses -- of the

litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute

resolution programs such as those outlined in LR 16.4.

Dated: December 2, 2015

Respectfully submitted,

U.S. SECURITIES AND EXCHANGE COMMISSION

By its attorneys,

*/s/ Nicholas P. Heinke*
Nicholas P. Heinke (Colo. Bar No. 38738)
Mark L. Williams (NY Bar. No. 4796611)
U.S. Securities and Exchange Commission
1961 Stout St., Suite 1700
Denver, CO  80294
Phone:          (303) 844-1000
                (303) 844-1071 (Heinke)
                (303) 844-1027 (Williams)
E-mail:         HeinkeN@sec.gov
                WilliamsML@sec.gov


AMIT KANODIA and
LINCOLN CHARITABLE FOUNDATION

By their attorney,

*/s/ Martin G. Weinberg (with permission)*
Martin G. Weinberg
Martin G. Weinberg, P.C.
20 Park Plaza, Suite 1000
Boston, MA 02116
Phone:          (617) 227-3700
E-mail:         owlmgw@att.net


IFTIKAR AHMED and
RAKITFI HOLDINGS, LLC

By their attorneys,

*/s/ Ashley L. Baynham (with permission)*
Alex Lipman
Ashley L. Baynham
Jill Forster
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
Phone:          (212) 209-4800
E-mail:         alipman@brownrudnick.com
                abaynham@brownrudnic.com
                jforster@brownrudnick.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2015, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF System.

*/s/ Nicholas P. Heinke*

11