UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMIT KANODIA and IFTIKAR AHMED,<br><br>Defendants, and<br><br>RAKITFI HOLDINGS, LLC, a Virginia Limited Liability Company, and LINCOLN CHARITABLE FOUNDATION, a supposed charity,<br><br>Relief Defendants. | Civil Action No. 15-cv-13042-ADB |

**CONSENT OF DEFENDANT AMIT KANODIA**

1. Defendant Amit Kanodia ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has been convicted after trial of criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Kanodia et al.*, Crim. No. 15-cr-10131-NMG (D. Mass.), Defendant was convicted of some of the charged violations of 18 U.S.C. §371, 15 U.S.C. § 78j(b) and 78ff(a), 17 C.F.R. §240.10b-5. Defendant acknowledges the collateral estoppel effect of his conviction on certain claims in this case and, while not admitting any of the facts or legal conclusions stated herein, and making no admissions about his liability for the matters alleged in the complaint, does not contest entry of

1

judgment. This Consent, and the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, shall remain in full force and effect unless and until the Defendant's criminal conviction is vacated in *United States v. Kanodia et al.*, Crim. No. 15-cr-10131-NMG (D. Mass.), at which time upon a motion by the Defendant and/or the Securities and Exchange Commission, this Consent will be withdrawn, the Final Judgment will be vacated, any papers withdrawn under Paragraph 11 will be restored, and this action will be restored to an active docket. Such a motion shall be filed within 60 days of the date that Defendant's criminal conviction in *United States v. Kanodia et al.*, Crim. No. 15-cr-10131-NMG (D. Mass.) is vacated. Absent such a timely motion, the Consent and Final Judgment remain in full force and effect.

3. Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

　　(a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and

　　(b) orders Defendant to pay disgorgement in the amount of $242,500, which shall be deemed satisfied as to this Defendant by the order of forfeiture entered in *United States v. Kanodia et al.*, Crim. No. 15-cr-10131-NMG (D. Mass.).

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences may include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action so long as this Consent and the Final Judgment remain in force and effect. As set forth more fully in paragraph 11, below, nothing in this Consent affects Defendant's right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party, including any appeals from his criminal conviction in *United States v. Kanodia et al.*, Crim. No. 15-cr-10131-NMG (D. Mass.).

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the criminal conviction for related conduct described in paragraph 2, above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii)

4

upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; provided, however, that nothing in this provision shall affect Defendant's right to contest the factual allegations in the complaint for purposes of any pending criminal proceeding or appeal. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party, including any appeals from his criminal conviction in *United States v. Kanodia et al.*, Crim. No. 15-cr-10131-NMG (D. Mass.), (iii) right to contest the allegations in the complaint in a public statement to the extent that the Defendant successfully vacates the criminal convictions pending against him in the matter of *United States v Kanodia* and this Consent is withdrawn and Final Judgment vacated; (iv) his right to contest the allegations in the criminal Indictment; or (v) his right to accurately describe, publicly, the status of the criminal proceedings in *United States v. Kanodia*.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a

party, Defendant (i) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; and (ii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas;

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: Feb 14, 2017

_____
Amit Kanodia

On __14/TH__, 2017, __Amit Kanodia__, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

MARY H. BABB
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires
March 27, 2020

Approved as to form:

_____
Martin G. Weinberg, 20 Park Plaza, Suite 1000, Boston, MA 02116, (617) 227-3700
Attorney for Defendant

6