UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMIT KANODIA and IFTIKAR AHMED,<br><br>Defendants, and<br><br>RAKITFI HOLDINGS, LLC, a Virginia Limited Liability Company, and LINCOLN CHARITABLE FOUNDATION, a supposed charity,<br><br>Relief Defendant. | Civil Action No.: 15-cv-13042-ADB |

**[PROPOSED] ORDER FREEZING ASSETS**

Whereas on April 2, 2015, Plaintiff United States Securities and Exchange Commission ("SEC") initiated the instant case alleging that Defendant Iftikar Ahmed ("Defendant") profited by more than $1.1 million through trading on inside information he obtained from Amit Kanodia. In his Answer, Defendant Ahmed invoked his Fifth Amendment right against self-incrimination as to each allegation against him. *See* Doc. # 45.

Whereas on April 2, 2015, Defendant and Amit Kanodia were criminally charged with insider trading arising from the same conduct. *See United States v. Kanodia, et al.*, No. 15-cr-10131 (D. Mass.). Mr. Kanodia was subsequently convicted of conspiring to commit securities fraud with Defendant Ahmed and convicted of tipping Defendant Ahmed with inside information

prior to Defendant Ahmed's purchase of Cooper Tire call options between May 6, 2013, and June 6, 2013. *Id.* (ECF 212). Mr. Ahmed's criminal case has not proceeded because he fled the jurisdiction in violation of his release conditions (*id.* [ECF 19]) and remains a fugitive. *Id.* (ECF 27-1 at 4) ("This defendant is currently a fugitive."). *See also SEC v. Ahmed*, 15-cv-675 (D. Conn.) (ECF 286 at 1) ("Defendant is currently a fugitive, having left the United States in violation of his conditions of release in a criminal matter.").

Whereas on May 6, 2015, the SEC initiated an enforcement action in the District of Connecticut that ultimately alleged Defendant defrauded certain funds he advised out of more than $65 million. *See SEC v. Ahmed, et al.*, 15-cv-675 (D. Conn.) (ECF 208) (the "CT Action"). The district court presiding over *SEC v. Ahmed, et al.*, 15-cv-675 (D. Conn.) instituted a preliminary asset freeze (*id.* [ECF 113]), and, on multiple occasions, subsequently modified the asset freeze (as modified, the "CT Action Asset Freeze"), entered judgment against Defendant Ahmed holding him liable for disgorgement of $41,920,639, prejudgment interest of $1,491,064.01 plus any interest or gains accrued on disgorged frozen assets from the date of the asset freeze, and a civil penalty of $21,000,000 (*id.* [ECF 1054]) (collectively, the "CT Action Judgment"), and appointed a receiver to evaluate the frozen assets and recommend a plan for liquidation of those assets to satisfy the judgment. *Id.* (ECF 1070).

Whereas on April 3, 2019, the receiver in *SEC v. Ahmed, et al.*, 15-cv-675 (D. Conn.) filed a report indicating that, assuming the immediate commencement of the liquidation process, there are expected to be assets remaining once the CT Action Judgment and all costs and expense related to the administration of the receivership estate are secured. *Id.* (ECF 1130).

Whereas generally, in order to obtain a preliminary injunction, the moving party must establish (1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable

harm if the injunction is withheld, (3) a favorable balance of hardships and (4) a fit (or lack of friction) between the injunction and the public interest." *SEC v. Thibeault*, 80 F. Supp. 3d 288, 291 (D. Mass. 2015) (citing *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir.2003)). "Courts in the First Circuit apply the same four-part test for issuing a preliminary injunction when deciding whether to enter an asset freeze. Irreparable harm may be shown where there is a strong indication that the defendant may dissipate or conceal assets." *Id.* at 293 (internal citations and quotations omitted). "In civil cases, an asset freeze is justified in equity when the likelihood of a significant violation has been shown and it is unlikely there will be sufficient funds to pay a disgorgement remedy or a civil penalty in the event a violation is established at trial." *Id.* at 294. *See also, e.g.*, *SEC v. Fife*, 311 F.3d 1, 11 (1st Cir. 2002) ("The district court found that the order freezing the defendants' assets appropriate because of the high risk that any remaining investment funds or proceeds thereof would be further depleted without such an order. The record illuminates misrepresentations and omissions concerning the offer or sale of securities. Under these circumstances, there is simply no viable argument that an asset freeze was an abuse of discretion.").

Whereas Defendant profited by $1,144,858.39 as a result of the insider trading alleged by the SEC, prejudgment interest on such amount from June 2013 (the date of Defendant's profits) to May 2015 (the date of the asset freeze in *SEC v. Ahmed, et al.*, 15-cv-675 (D. Conn.)) equals $64,473.63, and civil penalties of up to "three times the profit gained" are authorized under Section 21A of the Exchange Act, 15 U.S.C. § 78u-1(a)(2), which equals $3,434,575.17. These amounts total $4,643,907.19.

Whereas based on the record in this case, as well as the record in *SEC v. Ahmed, et al.*, 15-cv-675 (D. Conn.) and *United States v. Kanodia, et al.*, No. 15-cr-10131 (D. Mass.), the Court finds:

1. The Court has jurisdiction over the subject matter of this action and over Defendant and Relief Defendant Rakitfi Holdings, LLC ("Relief Defendant").

2. There has been a sufficient and proper showing that establishes a likelihood that the SEC will prevail at trial on the merits and an inference that the Defendant has engaged in acts, practices, and courses of business constituting violations of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

3. There is good cause to believe that, to the extent that assets are released from the asset freeze in *SEC v. Ahmed, et al.*, 15-cv-675 (D. Conn.), unless restrained and enjoined by order of this Court, the Defendant and Relief Defendant will dissipate, conceal, or transfer from the jurisdiction of this Court those assets that could be subject to an order directing disgorgement or the payment of civil monetary penalties in this action such that an order freezing the Defendant's and Relief Defendant's assets, as specified herein, is necessary to preserve the status quo and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and prejudgment interest, as well as civil penalties.

4. The balance of hardships weighs in favor of an asset freeze, particularly in light of the hardships in pursing assets the Defendant, who is a fugitive outside of the jurisdiction of the United States, may conceal or dissipate overseas.

5. There is a fit between the asset freeze and the public interest, as an asset freeze will preserve the SEC's ability to collect disgorgement, prejudgment interest, and a penalty arising from Defendant's illegal insider trading and Relief Defendant's receipt of ill-gotten gains.

Therefore, IT IS HEREBY ORDERED that, pending trial on the merits in this civil action or further order of the Court: the assets, funds, or other property held by or under the direct or indirect control of (i) Defendant Iftikar Ahmed and which are either specifically identified in the Plan of Liquidation appended as Exhibit A to the Report of Receiver filed in the CT Action [ECF No. 1130-1] or as further ordered by this Court and (ii) Relief Defendant Rakitfi Holdings, LLC, whether held in any of their names or the names of nominees, for their direct or indirect beneficial interests, wherever located, up to the amount of $4,643,907.19, are frozen (the "Asset Freeze"); provided, however, that the Asset Freeze is subject and subordinate in payment and priority to the CT Action Asset Freeze and the Asset Freeze shall in no way impair, constrain or limit the use of such assets, funds or other property subject to the CT Action Asset Freeze, in any regard, as authorized or directed by order entered in the CT Action; and provided, further, by way of clarification, that to the extent the CT Action Asset Freeze is subsequently modified or terminated by order entered in the CT Action thereby releasing any and/or all assets, funds or other property from such CT Action Asset Freeze, then, at that point in time and without any further order or notice, the Asset Freeze will encumber such assets, funds or other property free and clear of the CT Action Asset Freeze to the extent released or terminated; and

IT IS FURTHER ORDERED that, excluding all acts, transactions and occurrences authorized or directed by order entered in the CT Action, pending trial on the merits in this civil action or further order of this Court:

    A. Defendant Iftikar Ahmed and Relief Defendant Rakitfi Holdings, LLC, and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, up to the amounts identified above.

    B. Any bank, financial or brokerage institution or other person or entity holding any assets, funds, or other property of Defendant Iftikar Ahmed or Relief Defendant Rakitfi Holdings, LLC, up to the amounts identified above, held in the name of, for the benefit of, or under the control of Defendant Iftikar Ahmed or Relief Defendant Rakitfi Holdings, LLC, or their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

C.  Subject to the provisions of the order appointing receiver, below, no person or entity, including Defendant Iftikar Ahmed or Relief Defendant Rakitfi Holdings, LLC, or any creditor or claimant against, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the Asset Freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

D.  The SEC or a receiver (if and when appointed) may record this Order with relevant land records offices or other relevant institutions on all pieces of real property in which the Defendant or Relief Defendant have an interest. Defendant and Relief Defendants and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them are prohibited from encumbering their interests by means of selling, transferring, assigning, or otherwise disposing of the property, pledging the property as collateral for any purpose, or allowing the property to secure any obligation.

Dated _____ \_\_\_, 2019

**BY THE COURT:**

_____
Allison D. Burroughs
United States District Judge