FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2020 DEC -8  PM 12: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,    ) | Case No. 15-cv-13042 |
| Plaintiff,    ) | |
| v.    ) | |
| AMIT KANODIA and IFTIKAR AHMED,    )<br>Defendants, and    ) | |
| RAKITFI HOLDINGS, LLC,<br>a Virginia Limited Liability Company, and<br>LINCOLN CHARITABLE FOUNDATION,    ) | DECEMBER 07, 2020 |
| Relief Defendants.    ) | |

## DEFENDANT IFTIKAR AHMED AND RELIEF DEFENDANT RAKITFI HOLDINGS' RULE 60(B) MOTION FOR RELIEF FROM FINAL JUDGMENT AND ORDER

The *pro se* Defendant[1] and *pro se* Relief Defendant Rakitfi Holdings' ("Rakitfi")

respectfully jointly file this Motion and the accompanying Memorandum of Law in support of

their Rule 60(b) motion seeking relief from the Final Judgment [Doc. #198] pursuant to FEDERAL

RULES OF CIVIL PROCEDURE RULE 60(b).

The *pro se* Defendant[2] and *pro se* Relief Defendant reserve all rights.

---

[1] The Defendant is *pro se* and "…it is well settled that a *pro se's* papers are to be read liberally,"; *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) ([*pro se*] pleadings should be read liberally and interpreted to "raise the strongest arguments that they suggest"). The *pro se* Defendant, who has no legal knowledge or experience, respectfully requests that this Court read his papers liberally as he is not a lawyer.

[2] The Defendant is not represented by the firm of Brown Rudnick, and Brown Rudnick is in an adversarial status with respect to the Defendant as it has sought leave of the federal district court in *SEC v Ahmed, et al.*, 15-cv-675 (D. Conn) ("CT Case"; "CT Court") for lift of stay to litigate against the Defendant for allegedly unpaid legal fees. The CT Court has frozen the entirety of the Defendant's assets in that matter, at the SEC's request.

## MEMORANDUM OF LAW IN SUPPORT OF RULE 60(B) MOTION FOR RELIEF

FEDERAL RULE OF CIVIL PROCEDURE 60(b) (RULE 60(b)) offers a party relief from a judgment on motion when it is "inequitable to permit a judgment to stand." *See* FED. R. CIV. P. 60(b); *Ackerman v. United States*, 340 U.S. 193, 202 (1950).

## STANDARD

Rule 60(b) outlines six grounds for relief from final judgment. Fiskars, 279 F.3d at 1382. Relief under subsection (5) applies to the judgment itself and relief under subsection (6), is available for any reason that justifies relief.

Rule 60(b)(5) allows the court to relieve a party from final judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).

Rule 60(b)(6) provides that the court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." F.R.C.P. Rule 60(b)(6). Rule 60(b)(6) "gives the court a 'grand reservoir of equitable power to do justice in a particular case'." *Pierce v. Cook & Co. Inc.*, 518 F.2d 720, 722 (10th Cir. 1975), cert. denied, 423 U.S. 1079 (1976), quoting *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963).

In evaluating a Rule 60(b)(6) motion, if a movant demonstrates that justice favors vacating the judgment or order, then Rule 60(b)(6) gives a court discretion to take such action. *See Socialist Republic of Romania v. Wildenstein & Co. Inc.*, 147 F.R.D. 62, 64 (S.D.N.Y. March 11, 2003)

Relief under Rule 60(b)(6) is further circumscribed in that district courts may grant a motion thereunder when such action is necessary to accomplish justice. *Klapprott v. United*

*States*, 335 U.S. 601 (1949); *Ackermann v. United States*, 340 U.S. 193 (1950); see also *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The rule "confers broad discretion on the trial court to grant relief when 'appropriate to accomplish justice.'" *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir. 1986) (quoting *Int'l Controls Corp. v. Vesco,* 556 F.2d 665, 668 n. 2 (2d Cir. 1977)); see *also* 7 Moore's Federal Practice, ¶ 60.27[2] at 60-295. Rule 60(b)(6) "should be liberally construed when substantial justice will thus be served" *Matarese v. LeFevre.*

In addition, "the policy in favor of hearing [movant's] claims on the merits is preeminent. *See Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973) (resolve doubts in favor of granting motion to set aside the judgment)." *Kotlicky v. U.S. Fidelity Guar. Co.*, 817 F.2d 6, 8 (2d Cir. 1987)

Although relief pursuant to Rule 60(b)(6) is generally granted only upon a showing of exceptional circumstances or undue hardship, "a *pro se* litigant . . . 'should not be impaired by the harsh application of technical rules.'" *Major v. Coughlin,* No. 94 Civ. 7572, 1997 WL 391121, at *2 (S.D.N.Y. July 11, 1997) (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983)). "Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training. While the right "does not exempt a party from compliance with relevant rules of procedural and substantive law," *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981), it should not be impaired by harsh application of technical rules. Trial courts have been directed to read *pro se* papers liberally, *Haines v. Kerner*, 404 U.S. at 520, 92 S.Ct. at 595." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983)

"Generally, courts require that the evidence in support of the motion to vacate a final judgment be "highly convincing," *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977). at 33,

3

that a party show good cause for the failure to act sooner, see *Kontoulas v. A.H. Robins Co.*, 745

F.2d 312, 316 (4th Cir. 1984) (quoting C. Wright A. Miller, Federal Practice and Procedure,

§2857 (1973)), and that no undue hardship be imposed on other parties. See C. Wright A.

Miller, supra, at § 2857." *Kotlicky v. U.S. Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).

The *pro se* Defendant and Relief Defendant move for relief from the judgment,

specifically that disgorgement and prejudgment interest must be removed from the judgment in

this matter, civil penalty as agreed be recalculated based upon a *net* disgorgement figure as

described by recent Supreme Court ruling and that Rakitfi be dismissed, with prejudice, from this

proceeding and the judgment. The Court should grant the relief requested for the reasons within.


## STATEMENT

The Supreme Court of the United States of America issued a decision in *Liu v. SEC*, 591

U.S. ___, 2020 WL 3405845 (June 22, 2020) (or "*Liu*"), which made it clear that "a disgorgement

award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable relief

permissible" under the relevant provision of the federal securities laws. *Liu*, 2020 WL 3405845, at

*2. Under these guidelines, the current judgment in this case is not in agreement with the

Supreme Court's holding in *Liu*. Hence, the *pro se* Defendant and *pro se* Relief Defendant are

compelled to move for relief from the judgment.[3]

The Defendant and Relief Defendant seek relief in the form of:

1. A removal of disgorgement and prejudgment interest from the judgment as
   disgorgement is not in compliance with Supreme Court holding in *Liu*.

---

[3] The Defendant and Relief Defendant are willing to work with the SEC to arrive at an amended final
judgment amount which would be in compliance with *Liu*.

2. A recalculation of the *net* disgorgement amount and the resulting agreed upon[4] civil penalty (as twice the disgorgement amount) for the Defendant.

3. Dismissal of the Relief Defendant Rakitfi from the judgment as Relief Defendants do not pay penalty.

## ARGUMENT.

### I.   THE DISGORGEMENT AWARD IN THIS JUDGMENT IS NOT IN COMPLIANCE WITH SUPREME COURT'S HOLDING IN *LIU.*

The Supreme Court of the United States of America made it clear that "a disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable relief permissible" under the relevant provision of the federal securities laws. However, the judgment in this instant matter is not in agreement with the holding in *Liu* as disgorgement here is neither a *net* number nor is it being awarded for victims of this instant matter.

*First*, there was no calculation of the *net* amount that was ultimately used as a disgorgement figure in this case.  There were expenses associated with the trades and taxes were paid. Any disgorgement must be reduced by at least these amounts for it to be considered equitable. As it currently stands, disgorgement is not equitable and must be removed from the judgment amount.

*Second,* there are no alleged victims in this particular case, which is an insider trading case. The SEC has withdrawn requests for disgorgement and prejudgment interest in other insider trading matters, post *Liu.* See *SEC v. Govender*, No. 1:18-cv-7685 (S.D.N.Y) (SEC withdrawing request for disgorgement and prejudgment interest, because it did not comport with *Liu*) (attached as Exhibit 1).

---

[4] In the final judgment [Doc. #198], Defendant and SEC agreed to a civil penalty in the amount of twice the disgorgement amount.

*Govender* is not the only insider trading case where the SEC has abandoned any request for disgorgement and prejudgment interest. There are at least *seven* other insider trading cases since *Liu* where the SEC has declined to request disgorgement or prejudgment interest:

1. *SEC v. Sepehr Sarshar*, No. 20-civ-06865 (S.D.N.Y.)[5]

2. *SEC v. Richard M. Kirsch and Adam Terris*, Case No. 20-cv-61830 (S.D. Fla.)[6]

3. *SEC v. Steven J. Sheinfeld*, No. 1-20-civ-01692 (M.D. Pa.)[7]

4. *SEC v. Robert Hoddes Jacobs*, No. 20-civ-08604 (C.D. Cal.)[8]

5. *SEC v. Yinghang "James" Yang and Yuanbiao Chen*, No. 20-cv-4427 (E.D.N.Y.)[9]

6. *SEC v. Edward T. Kelly*, Civil Action No. 20 Civ. 04479 (E.D.N.Y.)[10]

7. *SEC v. Eric M. Hill*, No. 3:20-civ-00536 (W.D.N.C.)[11]

The same reasoning in *Govender* and these listed cases apply here as this instant matter is an insider trading civil action with no identifiable alleged victims.

## II.   PREJUDGMENT INTEREST MUST BE REMOVED.

Prejudgment interest is granted on a disgorgement amount. If disgorgement is not equitable and thus is not part of the judgment, then prejudgment interest must also be removed from the judgment.

---

[5] https://www.sec.gov/litigation/litreleases/2020/lr24876.htm, accessed on Dec 6, 2020

[6] https://www.sec.gov/litigation/litreleases/2020/lr24892.htm, accessed on Dec 6, 2020

[7] https://www.sec.gov/litigation/litreleases/2020/lr24903.htm, accessed on Dec 6, 2020

[8] https://www.sec.gov/litigation/litreleases/2020/lr24908.htm, accessed on Dec 6, 2020

[9] https://www.sec.gov/litigation/litreleases/2020/lr24909.htm, accessed on Dec 6, 2020

[10] https://www.sec.gov/litigation/litreleases/2020/lr24912.htm, accessed on Dec 6, 2020

[11] https://www.sec.gov/litigation/litreleases/2020/lr24919.htm, accessed on Dec 6, 2020

### III.    THE FIRST CIRCUIT AND RULE 60(B) RELIEF.

The First Circuit has stated that "[i]n exercising its discretion under Rule 60(b), the

district court must look, *inter alia,* to whether the party seeking relief has a potentially

meritorious claim or defense"); *United States v. Parcel of Land with Building, Appurtenances &*

*Improvements*, 928 F.2d 1 (1st Cir. 1991). Here, the Supreme Court has defined the requirements

that must be met for disgorgement to be considered equitable (which are not met in the judgment

here) and the SEC itself, in other insider trading cases, has not only withdrawn its requests for

disgorgement and prejudgment interest, it has also declined to request it at all after *Liu*.[12]

The request here has merit. The Supreme Court has explicitly defined the requirements

under which disgorgement is to be considered equitable in SEC cases and the disgorgement in

this case does not meet those requirements, a premise confirmed by the SEC when it withdrew

its request for disgorgement and prejudgment interest in a similar insider trading case

(*Govender*) and declined to even request disgorgement and prejudgment interest in other insider

trading cases.

### IV.    THE COURT SHOULD GRANT THE REQUESTED RELIEF.

#### A.  <u>Both Equity and Law Support the Requested Relief.</u>

Supreme Court holding has made it clear under what conditions the SEC can seek

disgorgement as equitable relief and those requirements are not met in this instant matter. In

addition, equity would support that disgorgement and prejudgment interest be removed from this

judgment and that civil penalty be recalculated at the *net* disgorgement amount. It would be

---

[12] The Supreme Court rendered its opinion in *Liu* on June 22, 2020. The SEC withdrew its request for disgorgement and prejudgment interest on July 27, 2020 in *Govender* and the district court granted that relief on September 28, 2020. The *pro se* Defendant only found out about the SEC's withdrawal of its request for disgorgement and prejudgment interest last week and immediately filed this request for Rule 60(b) relief.

inequitable for this Court to allow the judgment to stand as it is, given Supreme Court holding in *Liu* and also the SEC's own refusal to request disgorgement and prejudgment interest in other insider trading cases, post-*Liu*.

**B.  The Relief Requested.**

In particular, the Defendant and Relief Defendant request that the Court grant the relief of completely removing the disgorgement and prejudgment interest amounts from this judgment, to recalculate the civil penalty amount[13] to be on the *net* disgorgement number, and to dismiss, with prejudice, the Relief Defendant Rakitfi from this instant matter and also from being responsible for the payment of any judgment amount.

**C.  The SEC is not harmed.**

The judgment in this matter allows the SEC to, "in its sole discretion, determine when to collect these amounts." [Doc. #198] The SEC has not yet done so and thus, the SEC is not harmed by the request, which is in keeping with Supreme Court ruling. In addition, the SEC itself withdrew its request for disgorgement and prejudgment interest in other similar insider trading matters. A removal of disgorgement and prejudgment interest and recalculation of civil penalty on a *net* disgorgement amount to be in *compliance* with the Supreme Court's holding in *Liu* does not harm the SEC and is mandated by the Supreme Court's ruling.

**V.    CONCLUSION**

"Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice; it constitutes a grand reservoir of equitable power to do justice in a particular case." *Matarese*, 801 F.2d at 106 (*quoting Int'l Controls Corp. v. Vesco*,

---

[13] Agreed by the Defendant to be twice the disgorgement amount in the final judgment [Doc. #198]

556 F.2d 665, 668 n. 2 (2d Cir. 1977); *Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963)) (internal quotation marks omitted) (citations omitted)

Here, the Supreme Court has defined the parameters required for disgorgement to be considered equitable. The judgment, as it now stands, does not comport with Supreme Court holding in *Liu*.

WHEREFORE, for the reasons within, the *pro se* Defendant and Relief Defendant request the Court grant the relief requested in its entirety.

Respectfully Submitted,

Dated:        December 07TH, 2020        /s/ Iftikar Ahmed

Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700 069, India

Tel:    +91-983-008-9945
e-mail: iftyahmed@icloud.com

*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed via United States postal mail to:

MR. NICHOLAS P. HEINKE, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1071
e-mail: heinken@sec.gov

MR. MARK L. WILLIAMS, *ESQ.*
U.S. Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 1700
Denver, CO 80294
(303) 844-1027
e-mail: williamsml@sec.gov

# Exhibit 1



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
200 VESEY STREET
SUITE 400
NEW YORK, NEW YORK 10281-1022

June 29, 2020

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

    Re:    *SEC v. Steven Fishoff, et al.*, 18 cv 07685 (SDNY)(ALC-JLC)

    Plaintiff Securities and Exchange Commission respectfully writes to notify the Court of the Supreme Court's decision in *Liu v. SEC*, 591 U.S. ___, 2020 WL 3405845 (June 22, 2020), and to seek leave to file a supplemental submission, by July 27, 2020, addressing the Commission's pending Motion for Judgment in light of *Liu*.

    As background, the Commission filed its Motion for Judgment against Defendant Deshan Govender on October 31, 2019 and sought, among other things, $222,788 in disgorgement. That motion was fully briefed as of December 16, 2019.

    Last week, the Supreme Court held in *Liu* that "a disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable relief permissible" under the relevant provision of the federal securities laws. *Liu*, 2020 WL 3405845, at *2. The Commission therefore respectfully requests leave to file a submission within four weeks addressing the disgorgement the Commission seeks as to Govender in light of *Liu*.

                                   Respectfully submitted,

                                   _____ /s/ Todd D. Brody
                                   Todd D. Brody
                                   brodyt@sec.gov
                                   (212) 336-0080

cc: Deshan Govender (via email)



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
200 VESEY STREET
SUITE 400
NEW YORK, NEW YORK 10281-1022

July 27, 2020

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

  **Re:** *SEC v. Steven Fishoff, et al.*, 18-cv-07685 (S.D.N.Y.) (ALC) (JLC)

Dear Judge Carter:

  Pursuant to the Court's July 17, 2020 Order (Dkt #54), Plaintiff Securities and Exchange Commission respectfully writes to notify the Court that, in light of further consideration of the particular circumstances in this case, the SEC respectfully withdraws the request for disgorgement of $222,788 and prejudgment interest of $56,391.91 set out in its Motion for Judgment against Defendant Deshan Govender, filed on October 31, 2019 (Dkt #48), and seeks only the civil penalty of $668,364 described in that Motion. As set forth in the Commission's initial brief (Dkt #49), the requested penalty amount is appropriate because it (a) prevents Govender from being unjustly enriched through insider trading, and (b) provides a meaningful deterrent by demonstrating that the penalty for being found liable for insider trading is not merely repaying a defendant's illicit gains. Accordingly, the SEC respectfully requests that this Court grant the SEC's pending Motion for Judgment with the modification described here.

        Respectfully submitted,

        /s/ Todd D. Brody
        Todd D. Brody
        brodyt@sec.gov
        (212) 336-0080

cc: Deshan Govender (via email)