UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | * * * * | |
| Plaintiff, | * * | |
| v. | * * * | |
| IFTIKAR AHMED, | * * * | Civil Action No. 15-cv-13042-ADB |
| Defendant, and | * * | |
| RAKITFI HOLDINGS, LLC, a Virginia Limited Liability Company, | * * * | |
| Relief Defendant. | * * | |

**MEMORANDUM AND ORDER ON DEFENDANTS'**
**MOTION FOR RELIEF FROM JUDGMENT**

BURROUGHS, D.J.

In July 2019, the Court entered a consent judgment (the "Judgment") memorializing a settlement which resolved Plaintiff United States Securities and Exchange Commission's ("SEC") civil action against Defendant Iftikar Ahmed and Relief Defendant Rakitfi Holdings, LLC ("Rakitfi," and together with Ahmed, "Defendants"). [ECF No. 198]. As part of the Judgment, Defendants were required to pay a significant sum as disgorgement. [Id. at 2–3]. In June 2020, the Supreme Court issued its opinion in Liu v. SEC, which bears on the SEC's ability to recover disgorgement in civil actions. 140 S. Ct. 1936 (2020). Relying on Liu, Defendants

bring the instant motion for relief from the Judgment pursuant to Federal Rule of Civil Procedure 60(b).[1]  [ECF No. 199].  For the reasons set forth below, Defendants' motion is DENIED.

## I.  BACKGROUND

On April 2, 2015, the SEC filed a complaint alleging, among other things, that Ahmed violated federal securities law by trading ahead of a merger based on his knowledge of material, non-public information.  See [ECF No. 1].  According to the SEC, Ahmed used Rakitfi, a Virginia limited liability company that he wholly owns, as a vehicle for executing the insider trades and holding the resulting profits.  [Id. ¶ 10].  After initial fact discovery and discovery-related motion practice, the Court stayed the case.  See [ECF Nos. 137, 142, 148].  During the stay, the SEC and Defendants engaged in protracted, albeit sporadic, settlement negotiations.  See [ECF No. 154 (May 1, 2017 status report noting that the parties were discussing settlement but had not finalized an agreement); ECF No. 174 (Sept. 12, 2018 status report indicating that settlement discussions were ongoing); ECF No. 182 (Mar. 29, 2019 status report indicating that settlement discussions had stalled)].  In April 2019, the Court lifted the stay.  [ECF No. 189].  A few months later, in June 2019, the parties agreed to settlement terms and submitted the settlement to the SEC for final approval.  [ECF No. 196].  The SEC approved the settlement agreement, the parties filed a proposed consent judgment consistent with their settlement agreement, [ECF No. 197], and the Court entered the Judgment on July 8, 2019, [ECF No. 198].

---

[1] Although Defendants were represented by counsel during this litigation, they filed the instant motion *pro se*, citing a dispute with counsel regarding the (non)payment of legal fees.  [ECF No. 199 at 1 n.2].  The Court notes that Rakitfi is not permitted to appear *pro se*.  See L.R. 83.5.5(c) ("A corporation, partnership, limited liability company, trust, estate, or other entity that is not an individual may not appear *pro se*.").  Nonetheless, because Rakitfi is merely a relief defendant, the Court will excuse its noncompliance.

Pursuant to the Judgment, without admitting or denying the allegations in the complaint, Defendants expressly "consented to the entry of [the Judgment]," "waived findings of fact and conclusions of law," and "waived any right to appeal from th[e] [Judgment]." [ECF No. 198 at 1]. As is relevant here, the Judgment held Ahmed liable for $2,073,280.50, which consisted of "disgorgement of $211,644.77 . . . together with prejudgment interest thereon in the amount of $11,918.95, and a civil penalty in the amount of $1,849,716.78," [id. at 2], and held Ahmed and Rakitfi jointly and severally liable for an additional $753,378.84, which consisted of "disgorgement of $713,213.62 . . . together with prejudgment interest thereon in the amount of $40,165.22," [id. at 3]. Under the terms of the Judgment, the SEC had the right, but was not obligated, to apply some or all of these funds to victim compensation in an unrelated proceeding against Ahmed pending in the United States District Court for the District of Connecticut. [Id. at 3].

On June 22, 2020, the Supreme Court issued its opinion in Liu, holding that, in civil enforcement actions, the SEC may recover "a disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims." 140 S. Ct. at 1940. On December 8, 2020, Defendants filed the instant motion for relief from judgment, [ECF No. 199], which the SEC opposed on December 22, 2020, [ECF No. 200].

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), the Court may relieve a party of a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

3

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Court's "inquiry is guided by the abecedarian principle 'that relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly.'" Rivera-Velázquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 3 (1st Cir. 2014) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)). Accordingly, "a party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak, 288 F.3d at 19. "The rule must be applied so as to 'recognize the desirability of deciding disputes on their merits,' while also considering 'the importance of finality as applied to court judgments.'" Dávila-Álvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 64 (1st Cir. 2001) (quoting Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19–20 (1st Cir. 1992)).

"Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239 (1997); see O'Callaghan v. Shirazi, 204 F. App'x 35, 36 (1st Cir. 2006) (per curiam) ("Ordinarily, a change in decisional law is not considered an 'extraordinary circumstance' justifying relief from judgment."); United States v. Martinez, No. 00-cr-10172, 2013 WL 951277, at *3 (D. Mass. Mar. 8, 2013) ("Changes in decisional law, such as the Supreme Court's

4

rulings . . . do not constitute the 'extraordinary circumstances' required for granting Rule 60(b)(6) relief.").

Finally, although a *pro se* litigant's motion for relief under Rule 60(b) should be construed liberally, the litigant is not relieved of his or her obligation to demonstrate extraordinary circumstances.  See Martins v. Charles Hayden Goodwill Inn Sch., 178 F.R.D. 4, 6 (D. Mass. 1997).

### III.    DISCUSSION

Defendants argue that the Judgment cannot stand in light of the Supreme Court's decision in Liu because the disgorgement amount here exceeds Defendants' net profits and is not being awarded to victims.  [ECF No. 199 at 5–9].  Accordingly, they seek to unwind the Judgment, recalculate disgorgement, and adjust the civil penalty to reflect the amended disgorgement amount.[2]  [Id. at 4–5].[3]  The SEC maintains that relief under Rule 60(b) is inappropriate for multiple reasons.  See [ECF No. 200].

Because Defendants cite both Rule 60(b)(5) and (b)(6) as grounds for relief, [ECF No. 199 at 2], the Court considers each in turn.

#### A.    Rule 60(b)(5)

Under Rule 60(b)(5), the Court may relieve Defendants from the Judgment if it "has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(5).  None of

---

[2] The parties' agreed-upon civil penalty was twice the pre-interest disgorgement amount.  See [ECF No. 198 (total pre-interest disgorgement of $924,858.39 and civil penalty of $1,849,716.78)].

[3] They also seek "[d]ismissal of . . . Rakitfi from the judgment as Relief Defendants do not pay penalty" but offer no further explanation.  [ECF No. 199 at 5].

5

the Rule's three avenues for relief are applicable here. With respect to the first, Defendants concede that the Judgment has not yet been satisfied. See [ECF No. 199 at 8 (noting that the SEC has not yet collected the sum due)]. With respect to the second, the Judgment is not based on any other judgment. Further, the Supreme Court's decision in Liu is of no help to Defendants for purposes of Rule 60(b)(5). See Comfort v. Lynn Sch. Comm., 560 F.3d 22, 27 (1st Cir. 2009) (holding that Rule 60(b)(5) requires "a direct connection between the prior judgment and the supposedly reversing judgment" and that the "mere emergence of controlling precedent in some other case that shows the incorrectness of the prior judgment is not sufficient").

With respect to the third avenue, the First Circuit has limited "the provision's application to injunctions and consent decrees that involve 'long-term supervision of changing conduct or conditions.'" Id. at 28 (quoting Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1, 7 (1st Cir. 2001)). Here, the portions of the Judgment that Defendants object to are prospective only in the sense that the SEC has not yet collected the roughly $3 million that Defendants agreed to pay.[4] Accordingly, because the Judgment "does [not] leave open for future adjudication any issues regarding the rights of the parties, . . . [it] does not have prospective application as that term has been defined in [the Rule 60(b)(5)] context." Id.; see Saunders v. Goord, No. 98-cv-08501, 2007 WL 1434974, at *2 (S.D.N.Y. May 15, 2007) ("A judgment involving an injunction has 'prospective application' within the meaning of the Rule, while money judgments do not."). Finally, even if the Judgment were considered prospective, the Court finds that applying it prospectively (i.e., allowing the SEC to collect the full amount the

---

[4] The Judgment does enjoin Ahmed from violating securities laws in the future, [ECF No. 198 at 2], but Defendants do not challenge that aspect of the Judgment in the instant motion.

6

parties agreed upon) would not be inequitable. As discussed in more detail below, the parties made a bargain, and the SEC is entitled to the benefit of that bargain.

Thus, Defendants have failed to demonstrate that relief from the Judgment is warranted under Rule 60(b)(5).

### B. Rule 60(b)(6)

Under Rule 60(b)(6), which has been described as a "catchall category," see, e.g., Buck v. Davis, 137 S. Ct. 759, 772 (2017), the Court may relieve Defendants from the Judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Defendants' sole asserted justification for relief is Liu. Given the uphill battle Defendants face, see Rivera-Velázquez, 750 F.3d at 3 (describing relief under Rule 60(b) as "extraordinary" and noting that "motions invoking that rule should be granted sparingly"), Liu does not justify the relief that Defendants seek.

As an initial matter, the Court is not convinced that the Judgment is inconsistent with Liu. Although Defendants assert that "there was no calculation of the *net* amount that was ultimately used as a disgorgement figure in this case," noting that there were "expenses associated with the trades and taxes were paid," [ECF No. 199 at 5], the SEC points out that the disgorgement amount represented Ahmed's profits (and therefore already accounts for the price he paid for the securities and options that he purchased based on material non-public information), [ECF No. 200 at 9]. Even in the wake of Liu, the SEC's burden with respect to disgorgement is merely to establish that the figure sought is a reasonable approximation of profits, see SEC v. Rinfret, No. 19-cv-06037, 2020 WL 6559411, at *5 (S.D.N.Y. Nov. 9, 2020), and Defendants' vague assertions about "expenses" and "taxes" are insufficient to demonstrate that the disgorgement figure in the Judgment is not a reasonable approximation of Ahmed's net profits. With respect to

7

whether the disgorgement is awarded for victims, the Judgment gives the SEC the discretion to apply the amounts collected towards recompensing Ahmed's victims (albeit from a different fraud). [ECF No. 198 at 3]. Even if the amounts collected are deposited with the Treasury instead, the Supreme Court specifically reserved judgment on whether depositing funds with the Treasury "where it is infeasible to distribute the collected funds to investors," would be permissible. Liu, 140 S. Ct. at 1948–49.

More importantly, even if the Judgment were inconsistent with Liu, relief under Rule 60(b)(6) would still not be warranted because "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. at 239; see O'Callaghan, 204 F. App'x at 36 ("Ordinarily, a change in decisional law is not considered an 'extraordinary circumstance' justifying relief from judgment."). This principle holds true in the securities context. See, e.g., SEC v. Muroff, No. 17-cv-00180, 2017 WL 10768468, at *2 (D. Idaho Nov. 16, 2017) ("The Muroff Defendants entered a deal with the Government while the Kokesh decision was pending. That deal is reflected in the Consent and incorporated in the Final Judgment. There is no valid justification for the Court to unwind that deal now that the Kokesh opinion has been entered."); SEC v. Radius Capital Corp., No. 11-cv-00116, 2017 WL 3446912, at *3 (M.D. Fla. Aug. 11, 2017) (declining to grant relief under Rule 60(b)(6) based on Supreme Court's decision in Kokesh); SEC v. Amerindo Inv. Advisors Inc., No. 05-cv-05231, 2017 WL 3017504, at *8 (S.D.N.Y. July 14, 2017) (same).[5]

---

[5] Defendants cite a number of post-Liu insider trading cases in which the SEC withdrew a request for disgorgement or elected not to seek it at all, [ECF No. 199 at 5–6], but those cases are inapposite. That the SEC adjusts its approach in pending litigation to conform with Supreme Court decisions does not mean that settlements such as the one at issue here must be unwound

In essence, Defendants are arguing that it is unfair for them to be bound by the deal that they struck with the SEC in June 2019 because they would not have struck the same deal after the Supreme Court's decision in Liu.  This argument is unavailing.  Like all litigants who settle a case, Defendants accepted the risk that post-settlement developments might change their assessment of how favorable the settlement agreement was.[6]  The Court will not permit Defendants to relitigate a settlement agreement—which was the product of protracted and arm's-length negotiations—merely because such a post-settlement development materialized here.  See United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994) ("When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect. . . .  Furthermore, a change in the law occurring after a settlement for a sum of money is not a basis for vacating the settlement pursuant to Rule 60(b)."); cf. Paul Revere, 248 F.3d at 6 ("Where a party makes a considered choice [to dismiss a particular party], though it may involve some calculated risk, he 'cannot be relieved of such a choice because hindsight seems to indicate to him' that, as it turns out, his decision was 'probably wrong.'" (quoting Ackermann v. United States, 340 U.S. 193, 198 (1950))).  Rule 60(b) motions must be decided with an eye towards the importance of the finality of judgments,

---

after the fact to account for post-settlement changes in law.  The question before the Court is not whether it would enter the Judgment today but rather whether Defendants have demonstrated that "exceptional circumstances" warrant the "extraordinary relief" they seek.  See Karak 288 F.3d at 19.

[6] As the SEC points out, [ECF No. 200 at 10–11], Defendants were aware, in June 2019, that the Supreme Court might decide Liu.  See Defendant's Motion to Stay Proceedings in Light of Petition to US Supreme Court for a Writ of Certiorari in Charles Liu v. SEC Filed on May 31, 2019, Sec. & Exch. Comm'n v. Ahmed, No. 15-cv-00675 (D. Conn. June 11, 2019), ECF No. 1187.  This suggests that at the time Defendants agreed to settle this case with the SEC, they knew that the Supreme Court might issue a ruling impacting the SEC's ability to recover disgorgement but nevertheless chose to settle the case.

Dávila-Alvárez, 257 F.3d at 64, and the Court declines to disturb the Judgment here just because the Supreme Court issued a decision a year later that may have affected the parties' respective bargaining positions.

In sum, Defendants have failed to demonstrate that relief is justified under Rule 60(b)(6).

## IV.     CONCLUSION

Accordingly, for the reasons set forth above, Defendants' motion, [ECF No. 199], is DENIED.

**SO ORDERED.**

March 10, 2021                                                         /s/ Allison D. Burroughs
                                                                        ALLISON D. BURROUGHS
                                                                        U.S. DISTRICT JUDGE